1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| MAURICE R. HAYGOOD, JR., | ) Case No. CV 11-6651 JC |
| | ) |
| Petitioner, | ) MEMORANDUM OPINION AND |
| | ) ORDER DISMISSING PETITION |
| v. | ) AND ACTION WITHOUT |
| | ) PREJUDICE |
| TERESER A. BANK, Warden, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

**I.   SUMMARY**

On August 12, 2011, Maurice R. Haygood, Jr. ("petitioner"), a federal prisoner proceeding *pro se*, filed an "Emergency Motion Under Section 2241" (the "Petition"). Petitioner contends he is being denied proper and adequate medical treatment (Petition at 1-3) and appears to seek relief under 28 U.S.C. § 2241 which governs the issuance of writs of habeas corpus for federal prisoners. 28 U.S.C. § 2241.

On September 23, 2011, respondent Tereser A. Bank ("respondent" or "Bank") filed an Answer and Request to Dismiss the Petition ("Answer"). (Answer at 3-6). On December 16, 2011, petitioner filed a Reply.

///

1    Petitioner and respondent Bank have consented to proceed before a United

2    States Magistrate Judge.

3    Based on the evidence in the record and the applicable law, this Court

4    concludes that the Petition should be dismissed without prejudice and that it should

5    not be construed as a federal civil rights complaint.

6    **II.    DISCUSSION**

7    **A.    Petitioner's Claim Is Not Cognizable On Federal Habeas Review**

8    Petitioner is confined at the Victorville Federal Correctional Institution.

9    (Petition at 2).  He alleges that he is not receiving proper medical care following

10   the surgical insertion of a catheter.  (Petition at 2-3).

11   According to traditional interpretation, the writ of habeas corpus is limited

12   to attacks upon the legality or duration of confinement.  Crawford v. Bell, 599 F.2d

13   890, 891 (9th Cir. 1979) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-86

14   (1973)).  Here, petitioner challenges neither the legality nor the duration of his

15   confinement.  Rather, he challenges the conditions of his confinement.  Although

16   habeas jurisdiction is proper where a challenge to prison conditions would, if

17   successful, necessarily accelerate the prisoner's release, habeas jurisdiction is

18   absent where, as here, a successful challenge to a prison condition would not

19   necessarily shorten a prisoner's sentence.  Ramirez v. Galaza, 334 F.3d 850, 859

20   (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).  Since petitioner does not

21   challenge the legality or duration of his confinement, and since granting him the

22   relief he apparently seeks would not necessarily shorten his sentence, habeas

23   corpus is unavailable.  Crawford, 599 F.2d at 891-92; see also Badea v. Cox, 931

24   F.2d 573, 574 (9th Cir. 1991) ("A civil rights action, in contrast [to a habeas

25   petition], is the proper method of challenging 'conditions of . . . confinement'")

26   (quoting Preiser, 411 U.S. at 498-99).  Accordingly, dismissal of the Petition on

27   such basis is appropriate.

28   ///

**B.     The Court Declines to Convert the Petition into a Civil Rights Complaint**

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement or some other condition that he contends violates his constitutional rights as pleading a civil rights claim, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a federal civil rights complaint), superseded by statute on other grounds, Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321–71, as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006), the Court declines to do so here.  Prisoner civil rights actions are subject to different requirements than federal habeas proceedings.  The filing fee for civil rights actions is $350 rather than the $5 habeas filing fee.  Further, should petitioner seek to bring a civil rights action in forma pauperis ("IFP") he must file the appropriate documentation to qualify for IFP status and would be financially responsible for paying the full $350 filing fee from his prison trust account.  28 U.S.C. § 1915(b)(1).  It is not in the interest of judicial economy to convert the Petition to a federal civil rights complaint because the case would, at a minimum, require additional court resources to deal with the problems created by the different filing fees, the absence of information called for by the civil rights complaint form utilized in this district (*e.g.* whether those sued are sued in an individual or official capacity), and the potential service issues relative to individuals, other than Bank, whose conduct is alleged to have deprived petitioner of his constitutional rights.  Accordingly, the Court declines to convert the instant action into a federal civil rights action but does so without prejudice to petitioner filing a separate federal civil rights action and directs the Clerk to provide petitioner with an appropriate form in the event he elects to do so.

///

3

**III.   ORDERS**

IT IS THEREFORE ORDERED that the Petition and this action are dismissed without prejudice and that Judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk shall supply petitioner with the Prisoner Civil Rights Packet containing the instructions/forms utilized in this District (CV-66A, CV-66, CV-60P) for petitioner's use in the event he elects separately to file a federal civil rights action.

IT IS SO ORDERED.

DATED:   March 20, 2012


_____/s/_____

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

4