1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| MAURICE R. HAYGOOD, JR., | ) | Case No. CV 11-6651 JC |
|---|---|---|
| | ) | |
| Petitioner, | ) | MEMORANDUM OPINION AND ORDER DISMISSING PETITION AND ACTION WITHOUT PREJUDICE |
| | ) | |
| v. | ) | |
| | ) | |
| TERESER A. BANK, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

18  **I.   SUMMARY**

19       On August 12, 2011, Maurice R. Haygood, Jr. ("petitioner"), a federal

20  prisoner proceeding *pro se*, filed an "Emergency Motion Under Section 2241" (the

21  "Petition").  Petitioner contends he is being denied proper and adequate medical

22  treatment (Petition at 1-3) and appears to seek relief under 28 U.S.C. § 2241 which

23  governs the issuance of writs of habeas corpus for federal prisoners.  28 U.S.C.

24  § 2241.

25       On September 23, 2011, respondent Tereser A. Bank ("respondent" or

26  "Bank") filed an Answer and Request to Dismiss the Petition ("Answer").  (Answer

27  at 3-6).  On December 16, 2011, petitioner filed a Reply.

28  ///

1  Petitioner and respondent Bank have consented to proceed before a United

2  States Magistrate Judge.

3  Based on the evidence in the record and the applicable law, this Court

4  concludes that the Petition should be dismissed without prejudice and that it should

5  not be construed as a federal civil rights complaint.

6  **II.   DISCUSSION**

7      **A.   Petitioner's Claim Is Not Cognizable On Federal Habeas Review**

8  Petitioner is confined at the Victorville Federal Correctional Institution.

9  (Petition at 2).  He alleges that he is not receiving proper medical care following

10  the surgical insertion of a catheter.  (Petition at 2-3).

11  According to traditional interpretation, the writ of habeas corpus is limited

12  to attacks upon the legality or duration of confinement.  Crawford v. Bell, 599 F.2d

13  890, 891 (9th Cir. 1979) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-86

14  (1973)).  Here, petitioner challenges neither the legality nor the duration of his

15  confinement.  Rather, he challenges the conditions of his confinement.  Although

16  habeas jurisdiction is proper where a challenge to prison conditions would, if

17  successful, necessarily accelerate the prisoner's release, habeas jurisdiction is

18  absent where, as here, a successful challenge to a prison condition would not

19  necessarily shorten a prisoner's sentence.  Ramirez v. Galaza, 334 F.3d 850, 859

20  (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).  Since petitioner does not

21  challenge the legality or duration of his confinement, and since granting him the

22  relief he apparently seeks would not necessarily shorten his sentence, habeas

23  corpus is unavailable.  Crawford, 599 F.2d at 891-92; see also Badea v. Cox, 931

24  F.2d 573, 574 (9th Cir. 1991) ("A civil rights action, in contrast [to a habeas

25  petition], is the proper method of challenging 'conditions of . . . confinement'")

26  (quoting Preiser, 411 U.S. at 498-99).  Accordingly, dismissal of the Petition on

27  such basis is appropriate.

28  ///

1    **B.    The Court Declines to Convert the Petition into a Civil Rights**
2         **Complaint**

3         Although a district court may construe a habeas petition by a prisoner
4    attacking the conditions of his confinement or some other condition that he
5    contends violates his constitutional rights as pleading a civil rights claim, see
6    Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (holding that district courts
7    have discretion to construe a habeas petition attacking conditions of confinement as
8    a federal civil rights complaint), superseded by statute on other grounds, Prison
9    Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321–71, as
10   recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006), the Court declines to do
11   so here.  Prisoner civil rights actions are subject to different requirements than
12   federal habeas proceedings.  The filing fee for civil rights actions is $350 rather
13   than the $5 habeas filing fee.  Further, should petitioner seek to bring a civil rights
14   action in forma pauperis ("IFP") he must file the appropriate documentation to
15   qualify for IFP status and would be financially responsible for paying the full $350
16   filing fee from his prison trust account.  28 U.S.C. § 1915(b)(1).  It is not in the
17   interest of judicial economy to convert the Petition to a federal civil rights
18   complaint because the case would, at a minimum, require additional court resources
19   to deal with the problems created by the different filing fees, the absence of
20   information called for by the civil rights complaint form utilized in this district (*e.g.*
21   whether those sued are sued in an individual or official capacity), and the potential
22   service issues relative to individuals, other than Bank, whose conduct is alleged to
23   have deprived petitioner of his constitutional rights.  Accordingly, the Court
24   declines to convert the instant action into a federal civil rights action but does so
25   without prejudice to petitioner filing a separate federal civil rights action and
26   directs the Clerk to provide petitioner with an appropriate form in the event he
27   elects to do so.
28   ///

3

1    **III.   ORDERS**

2           IT IS THEREFORE ORDERED that the Petition and this action are

3    dismissed without prejudice and that Judgment be entered accordingly.

4           IT IS FURTHER ORDERED that the Clerk shall supply petitioner with the

5    Prisoner Civil Rights Packet containing the instructions/forms utilized in this

6    District (CV-66A, CV-66, CV-60P) for petitioner's use in the event he elects

7    separately to file a federal civil rights action.

8           IT IS SO ORDERED.

9    DATED:   March 20, 2012

10

11   _____/s/_____

12                    Honorable Jacqueline Chooljian
                      UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28